**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| CLAUDIO GUILIANO, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MIDLAND CREDIT MANAGEMENT, INC.,<br><br>Defendant. | Case No.  1:20-cv-00878 |

**CLASS ACTION COMPLAINT**

Now Comes Plaintiff, CLAUDIO GUILIANO ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his undersigned attorney, and brings this Complaint against Defendant MIDLAND CREDIT MANAGEMENT, INC.:

**I.  Parties, Jurisdiction and Venue**

1.      Plaintiff is a citizen of Illinois and resides in the Northern District of Illinois.

2.      Plaintiff has filed this civil action pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692, *et seq.*

3.      Section 1692(a) recognizes that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy."

4.      Sections 1692(b) and (c) recognize that "[e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers" and that [m]eans other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts."

5.      Sections 1692(e) states that "[i]t is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt

1

collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses."

6. Section 1692f of the FDCPA prohibits debt collectors from using "unfair or unconscionable means to collect or attempt to collect any debt."

7. In particular, Section 1692f(8) prohibits a debt collector from:

> Using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business.

8. Section 1692f(8) contains no exceptions – any extraneous text on the envelope or on the outside of a self-mailer violates 15 U.S.C. § 1692f(8).

9. In *Steffek v. Client Services, Inc.*, 19-1491 (January 21, 2020), the Seventh Circuit Court of Appeals found that a debt collector violated Section 1692g(a)(2) by failing to properly identify "the name of the creditor to whom the debt is owed." During oral argument, Judge Hamilton referred to an episode of Comedian John Oliver's HBO television program, Last Week Tonight With John Oliver, which Judge Hamilton characterized the episode as discussing so-called "Zombie Debts".[1]

10. *Steffek* held that a debt collector violated Section 1692g(a)(2) of the FDCPA. In the Seventh Circuit essentially held that the simple words are important where the subject collection letter identified "RE: CHASE BANK USA, N.A." followed by the words "[t]he above account has been placed with our organization for collections". The court determined that this language violated Section 1692g(a)(2), finding that the collection

---

[1] http://media.ca7.uscourts.gov/sound/2019/gw.19-1491.19-1491_12_11_2019.mp3 (starting after the 10:40 minute mark).

"letters did not say whether Chase Bank still owned the accounts in question or instead had sold the debts to another entity." *Steffek*, 19-1491, Slip. Opinion at pp. 1-2.

11.     The words of collection letters *do matter*. *Steffek*, 19-1491, Slip. Opinion at p. 5 ("We and other circuits have long interpreted § 1692g to require that the mandatory disclosures be made so that they would be clearly understood by unsophisticated debtors. [T]he courts, our own included, have held, plausibly enough, that it is implicit that the debt collector may not defeat the statute's purpose by making the required disclosures in a form or within a context in which they are unlikely to be understood by the unsophisticated debtors who are the particular objects of the statute's solicitude." (citations omitted)).

12.     The episode of Last Week Tonight With John Oliver that was brought up by Judge Hamilton at oral argument *Steffek* contained a segment featuring a speaker at a debt buying panel that was open to the public. The speaker appears to disagree with a fundamental purposes behind the FDCPA – that consumers should be protected from abusive debt collection practices where courts have required collectors to use specific disclaimers: "I depose these plaintiffs . . . and they don't even read the letter."

13.     Below is a true and accurate screen capture from the episode in question:



14.     The episode of "Debt Buyers" on LAST WEEK TONIGHT WITH JOHN OLIVER has over 15 million views according to YouTube. The episode, last viewed on February 5, 2020, can be viewed at https://www.youtube.com/watch?v=hxUAntt1z2c

15.     The gist of Mr. Oliver's colorful summary of the panelist's comments is that the debt buying industry believes that words drafted by courts *to protect unsophisticated consumers* **do not** *matter*. To the contrary, as reflected by *Preston v. Midland Credit Management, Inc.*, No. 18-3119 (7th Cir. Jan. 21, 2020), the Seventh Circuit recently held that Midland violated Section 1692f(8) of the FDCPA, *words* **do matter**:

> We now reverse in part and affirm in part. We conclude that the language of § 1692f(8) is clear, and its application does not lead to absurd results. To the contrary, the prohibition of any writing on an envelope containing a debt collection letter represents a rational policy choice by Congress. Consequently, we conclude that the district court erred in dismissing Mr. Preston's claim under § 1692f(8).
>
> \* \* \*
>
> On its face, the prohibition is clear: use of *any* language or symbol on an envelope, except for the debt collector's name (if it does not indicate that the collector is in the business of debt collection) and the debt collector's address, violates subsection (8).
>
> \*\*\*
>
> The statutory language does, in fact, prohibit debt collectors from sending communications to consumers in envelopes bearing symbols that are indicative of debt collection. The language of the statute simply draws a clear line to ensure that consumers' rights are not lost in the interpretation of more subtle language.
>
> \*\*\*
>
> In sum, the meaning of § 1692f(8) is clear: When a debt collector communicates with consumers through the mails, it may not use any language or symbol on the envelope except for its business name or address, as long as the name does not indicate that he is in the debt collection business. Turning to the facts here, there is no question that the language "**TIME SENSITIVE DOCUMENT**" appears on the envelope enclosing a communication to a consumer. It is equally apparent that the language at issue does not fall within the itemized exception set forth in subsection (8): It is not Midland's name nor its address. The inclusion of this phrase thus violates § 1692f(8), and the district court erred in dismissing the claim set forth in Count I of Mr. Preston's complaint.

**Exhibit A**, Slip. Op. at pp. 2, 11, 17-18 (emphasis reapplied as reflected in the envelope at issue).

4

16.     As of the filing of this Complaint, MCM's stated public position to the Seventh Circuit's ruling in *Preston v. Midland* is as follows:

> This matter presents a substantial issue as evidenced by the Circuit Court split in authority that it creates. The defendant, as well as many other debt collectors, reasonably relied on prior decisions in *Goswami v. American Collections Enterprise, Inc.*, 377 F.3d 488 (5th Cir. 2004), and *Strand v. Diversified Collection Services, Inc.*, 380 F.3d 316 (8th Cir. 2004), in conducting its business. This Court's decision, therefore, has an unexpected effect on its business and liability. Thus, defendant would like one additional week in which to prepare a petition for rehearing for this very significant case.

**Exhibit B**, Dkt. 52, Affidavit in support of MCM's "Motion For Extension of Time to File a Petition for Rehearing"

17.     MCM's position is curious because it did not use the specific words or formatting that was approved by the two cited decisions when MCM used the words "**TIME SENSITIVE DOCUMENT**" on the envelope before the Seventh Circuit.

18.     This Court has federal question jurisdiction and venue pursuant to 15 U.S.C. § 6104(f) which provides that "[a]ny civil action brought under subsection (a) in a district court of the United States may be brought in the district in which the defendant is found, is an inhabitant, or transacts business or wherever venue is proper under section 1391 of title 28."

19.     Defendant MIDLAND CREDIT MANAGEMENT, INC. ("MCM") is incorporated in the State of Kansas and maintains its principal place of business at 350 Camino De La Reina, Suite 100, San Diego, California.

20.     Venue and personal jurisdiction are proper in this District pursuant to U.S.C. §§ 1391(b)-(c) and 1441(a) because MCM, as a corporation, is deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced.

21.     Venue is proper in this District pursuant to 18 U.S.C. § 1391(b) because:

a. MCM mailed the subject collection letter to an address within this District; and

b. MCM routinely collects defaulted personal credit card debts from persons who reside in this District.

22. The court has personal jurisdiction over MCM because it has conducted significant and continuous debt collection activities within this District.

## II. The Subject Debt

23. Plaintiff obtained credit (the "Subject Debt") from Synchrony Bank in the form of a "Sam S Club" [sic] credit card.

24. Plaintiff incurred the Subject Debt by purchasing items and services for personal and household use.

25. The Subject Debt fell into default status after Plaintiff was unable to keep up with his payment obligations.

26. Midland Funding LLC purchased the Subject Debt from Synchrony Bank.

27. When Midland Funding LLC purchased the Subject Debt, Synchrony Bank listed the subject debt as defaulted debt in the amount of $9,787.18.

28. Midland Funding LLC purchased the Subject Debt from Synchrony Bank for less than $978.18.

29. On information and belief, Midland Funding LLC purchased the Subject Debt from Synchrony Bank for less than $97.81.

30. On information and belief, Midland Funding LLC purchased the Subject Debt from Synchrony Bank for less than $9.78.

## III. MCM's Collection Efforts

31. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

32. MCM regarded Plaintiff as a "person obligated or allegedly obligated to pay" the Subject Debt.

33.     In an attempt to collect the Subject Debt, MCM sent a collection letter to Plaintiff dated 4/17/2019 (the "April 17, 2019 Letter").

34.     The April 17, 2019 Letter is a form letter utilized by MCM.

35.     The April 17, 2019 Letter was mailed to Plaintiff inside of the below depicted envelope ("the Envelope"):



36.     The right side of the Envelope contains the embossed words "IMPORTANT DOCUMENT ENCLOSED" in a circle and the embossed words "ATTENTION

REQUESTED" inside of the circle formed by the words "IMPORTANT DOCUMENT ENCLOSED".

37.     A true and accurate image of the April 17, 2019 Letter is depicted below:



38.    The April 17, 2019 Letter said, "Congratulations! You have been pre-approved for a discount program designed to save you money. Act now to maximize your savings and put this debt behind you by calling (800)321-3809. Pay Online today at MCMPay.com[.]"

39.    The April 17, 2019 Letter highlighted the phrase "Benefits of Paying!" and identified two discounted payment options, one for "40% OFF" with a "Payment Due Date" of May 17, 2019, and the second payment option of "20% OFF" in 12 equal monthly payments with a "First Payment Due Date" of May 17, 2019.

40.    The April 17, 2019 Letter contained the phrase "CALL US TODAY!" in a font larger and more prominent than other lettering.

41.    The April 17, 2019 Letter states "[w]e are not obligated to renew any offers provided" two inches below the letter, just above the payment information of the Letter.

42.    This quoted language *does not* cure any misimpression that an unsophisticated consumer might have formed concerning the meaning of the settlement offers identified in the April 17, 2019 Letter.

43.    Rather, at the Honorable Ilana Rover explained in her concurring opinion in the case of *Preston v. Midland Credit Management, Inc.*, No. 18-3119 (7th Cir. Jan. 21, 2020) the quoted language improperly "emphasizes and amplifies the creditor's message that it is a time-limited offer." Slip. Op. at pp. 27-28 (attached as **Exhibit A**).

44.    According to Judge Rovner:

> I have doubts that this language actually accommodates the competing goals that the *Evory* court identified. In fact, the current safe-harbor language emphasizes and amplifies the creditor's message that it is a time-limited offer. The language is no different from the creditors' language of "limited time offer" or a "time sensitive matter," or "act now," and reinforces the idea that if the debtor does not act immediately, she may lose the opportunity to do so forever. See *Evory*, 505 F.3d at 775. ("The concern is that unsophisticated consumers may think that if they don't pay by the deadline, they will have no further chance to settle their debt for less than the full amount").

*Id.*

45.     Judge Rover proposed alternative language and invited a future appeal:

> As such, I propose that this circuit reconsider whether the language of the safe-harbor provision announced in *Evory* realistically honors the goals that the opinion sought. Adding the following two words to the language, undoubtedly would do so more accurately: "We *may, but* are not obligated to, renew this offer."

> The safe-harbor language described in the *Evory* decision, however, stands. As the opinion notes, Midland Credit used the language that this circuit sanctioned, and did so appropriately. Consequently, under the current status of our circuit's law, I agree that the district court did not err in dismissing the claims set forth pursuant to section 1692e of the Act. Preston did not raise the question of the safe-harbor language in this case, and therefore this is not the appropriate time to reconsider it, but should it emerge in a future case, I urge the court to reexamine whether this safe-harbor language achieves the intended balance between the interests of creditors and debtors.

**Exhibit A**, Slip Op.at p. 28.

46.     MCM's use of the phrase "[w]e are not obligated to renew any offers provided" violates Sections 1692e, 1692e(2)(A), 1692e(10) and 1692f of the FDCPA.

47.     The following image is a close up photograph of the Envelope:



48.     The Attention Requested Envelopes' use of the embossed words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED" caused Plaintiff and others like him to be attentive and curious as to the contents of the Envelopes.

49.     Based upon the literal meaning of MCM's words, Plaintiff and others like him reasonably believed that the Envelope contained "IMPORTANT INFORMATION" and because of this representation Plaintiff and others like him immediately opened the Envelope.

50.     Plaintiff and others like him reasonably understood the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED" to mean that MCM had placed an "IMPORTANT" document inside of the Envelope.

51.     After reading and comprehending these words, Plaintiff and others like him immediately opened the Envelope.

52.     Reading the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED" caused Plaintiff and others like him to suffer from stress and anxiety because Plaintiff and others like him knew that the enclosed letter related to a debt he was unable to pay.

53.     The fact that the Envelope used the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED" frightened Plaintiff and others like him.

54.     MCM used words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED to induce Plaintiff and others like him to worry as to whether MCM was escalating its collection methods.

55.     MCM used words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED to induce Plaintiff and others like him to open the Envelope.

56.     Plaintiff and others like him reasonably thought that there would be no reason for MCM to use the embossed words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED" - unless there truly was something "IMPORTANT" about the contents of enclosed Letter.

57.     After reading the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED", Plaintiff and others like him immediately opened the Envelope in order to read the enclosed document.

58.     MCM violated Section 1692f(8) the FDCPA by placing the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED" on the two Envelopes sent to Plaintiff on or about April 17, 2019.

59.     Upon information and belief, MCM violated Section 1692f(8) the FDCPA by placing the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED" on the Envelope that MCM sent to Plaintiff on or about April 17, 2019.

60.     MCM's use of the words "IMPORTANT INFORMATION ENCLOSED" on the Envelopes violated Sections 1692e, 1692e(2)(2), 1692e(10) and 1692f because these words were a communication made in the collection of a debt and caused Plaintiff and others like him to suffer from stress and anxiety about why the Envelopes said "IMPORTANT INFORMATION ENCLOSED".

61.     MCM's use of the words "ATTENTION REQUESTED" on the Envelope violated Sections 1692e, 1692e(2)(2), 1692e(10) and 1692f because these words were a communication made in the collection of a debt and caused Plaintiff and others like him to suffer from stress and anxiety about the type of "ATTENTION REQUESTED" that was enclosed inside of the Envelopes.

62.     Defendant also violated Sections 1692e, 1692e(2)(2), 1692e(10) and 1692f of the FDCPA by placing the words "IMPORTANT INFORMATION ENCLOSED" and

"ATTENTION REQUESTED" on the Envelope because MCM's use of these words on the Envelope constituted unlawful instructions to Plaintiff where these instructions were ultimately false, deceptive, misleading, and unconscionable communications and means to attempt to collect the Subject Debt.

### IV. Class Based Allegations and Contentions

63. Plaintiff seeks to represent a class of similarly situated consumers residing within this Judicial District where MCM attempted to collect a consumer debt originally owed to Synchrony Bank in the form of a "Sam S Club" branded credit card where the letters were mailed inside of an Attention Requested Envelope.

64. This proposed class can be defined by MCM's records.

65. On information and belief, more that forty consumers with addresses located within this Judicial District were mailed Attention Requested Envelopes in an attempt to collect consumer debts originally owed to Synchrony Bank in the form of a "Sam S Club" branded credit card.

66. Each proposed class is limited in time to persons who within one year of the filing of this action were mailed a similar form collection letter or Envelope or until such time as MCM ends its unlawful practices.

67. The factual and legal issues related to MCM's transmission of the Attention Requested Envelope are common and typical of the proposed class members.

68. Plaintiff also seeks to represent a class of similarly situated consumers residing within this Judicial District who were sent a letter in an attempt to collect a consumer debt originally owed to Synchrony Bank in the form of a "Sam S Club" branded credit card where the letters used were in the same format of the April 17, 2019 Letter (regardless of the discount offered).

69. The above proposed class can be defined by MCM's records.

70. The April 17, 2019 Letter is a standard form letter used by MCM.

71. On information and belief, more that forty consumers with addresses located within this Judicial District were mailed letters in the same format of the April 17, 2019 Letter in an attempt to collect consumer debts originally owed to Synchrony Bank in the form of a "Sam S Club" branded credit card where MCM's collection letter contained the phrase "[w]e are not obligated to renew any offers provided."

72. The factual and legal issues related to MCM mailing of similarly formatted letters like the April 17, 2019 Letter and the use of the phrase "[w]e are not obligated to renew any offers provided" are common and typical of the proposed class members.

73. Plaintiff may redefine the proposed classes in relation to the total number of consumers identified by Defendant's discovery answers.

74. Because MCM sent the Attention Requested Envelope and April 17, 2019 Letter to Plaintiff and others like him, his claims are typical of the class members that he seeks to represent – other consumers who received the same Envelope and the same form Letter.

75. MCM's use of the Attention Requested Envelope the standard form letter as reflected by the April 17, 2019 satisfies the elements of typicality, commonality, predominance and superiority.

76. A class action is a superior method of adjudicating the legality of MCM's conduct as opposed to MCM facing dozens of individual suits.

77. Plaintiff is represented by counsel who is well versed in consumer class actions and the prosecution and defense of FDCPA class actions.

78. For example, in an order appointing interim lead counsel, the court in *In re: Apple Inc. Device Performance Litigation*, 18-MD-02827 (N.D. Cal.) also appointed Mr. Vlahakis to serve as a member of the Plaintiffs' Steering Committee. *See*, Dkt. 99 (May

5, 2018, Order Consolidating Related Actions And Appointing Interim Co-Lead Plaintiffs' Counsel And Executive And Steering Committees at pp. 2-4, 6-7). Mr. Vlahakis also successfully won reversal of part of the district court's ruling in *Preston v. Midland*.

### IV. Causes of Action

**Count I – The Attention Requested Envelope Violated § 1692f(8) of the FDCPA**

79.     Plaintiff CLAUDIO GUILIANO realleges the above paragraphs as though fully set forth herein.

80.     By using the embossed words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED" on the Attention Requested Envelope, MCM violated Section 1692f(8) of the FDCPA as a matter of law because Section 1692f(8) prohibits a debt collector from using *any language*, other than the debt collector's address, on any envelope when communicating with a consumer.

81.     Plaintiff immediately opened the Attention Requested Envelope because it contained the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED."

82.     MCM mailed the Attention Requested Envelope to hundreds of persons within this District who owed a debt to MCM or one of MCM's affiliates.

83.     The proposed Section 1692f(8) class is defined as follows:

> All persons with mailing addresses within this District who were mailed collection letters where the envelopes containing the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED" where the underlying debts were originally owed to Synchrony Bank in the form of a "Sam S Club" branded credit card.

**WHEREFORE**, Plaintiff CLAUDIO GUILIANO respectfully requests that this Honorable Court:

a.  declare that the Attention Requested Envelope violates the FDCPA;

b.  enjoin Defendant MCM from using the Attention Requested Envelope in conjunction with any future collection letters;

15

    c.    award Plaintiff statutory damages of up to $1,000;

    d.    award class members maximum statutory damages; and

    e.    award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k.

**Count II – The Attention Requested Envelopes Violate §§ 1692e and f of the Act**

84.    Plaintiff CLAUDIO GUILIANO realleges the above paragraphs as though fully set forth herein.

85.    Section 1692e of the FDCPA prohibits a debt collector using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

86.    Section 1692f of the FDCPA prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

87.    By using the embossed words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED" on the Attention Requested Envelope, MCM violated Sections 1692e because the use of these words on the face of the Envelope constituted a "false, deceptive, or misleading representation or means in connection with the collection of any debt."

88.    By using the embossed words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED" on the Attention Requested Envelope, MCM violated Sections 1692f because the use of these words on the face of the Envelope constituted a unfair or unconscionable means to collect or attempt to collect any debt where the enclosed collection letter merely reiterated a pre-approved settlement with identified deadlines that were illusory.

89.    As a result of MCM's use of the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED", Plaintiff immediately opened the Attention Requested Envelope.

90.     MCM's use of the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED" created a false sense of urgency consumers like Plaintiff.

91.     MCM mailed the Attention Requested Envelope to hundreds of consumers within this District who owed a debt to Midland Funding LLC.

92.     The Attention Requested Envelope's use of the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED" violates Section 1692f of the FDCPA because printing on the Attention Requested Envelope in this manner unfairly and/or unconscionably suggested that the enclosed collection letter contained, "IMPORTANT" "INFORMATION" when it is not clear whether the contents of the enclosed letter contains "IMPORTANT INFORMATION" that would "REQUEST" the recipient's "ATTENTION."

93.     Plaintiff read and understood the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED" to mean that there was a time sensitive document contained within the envelope.

94.     Plaintiff immediately opened the Attention Requested Envelope because it contained the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED".

95.     MCM's use of the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED" can and did create a false sense of urgency for both unsophisticated and least sophisticated consumers.

96.     The Attention Requested Envelope's use of the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED" to create a false sense of urgency constitutes a "false, deceptive, or misleading representation or means in connection with the collection of any debt" in violation of Section 1692e.

97. The Attention Requested Envelope's use of the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED" to create a false sense of urgency constitutes the "use unfair or unconscionable means to collect or attempt to collect any debt" in violation of Section 1692f.

98. Placing prohibited words on the face of the Attention Requested Envelope is a material violation of Section 1692f.

99. The proposed Section 1692e and Section 1692f class is defined as follows:

> All persons with mailing addresses within this District who were mailed collection letters where the envelopes containing the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED" where the underlying debts were originally owed to Synchrony Bank in the form of a "Sam S Club" branded credit card.

**WHEREFORE**, Plaintiff CLAUDIO GUILIANO respectfully requests that this Honorable Court:

a. declare that the Attention Requested Envelope violates the FDCPA;

b. enjoin Defendant MCM from using the Attention Requested Envelope in conjunction with any future collection letters;

c. award Plaintiff statutory damages of up to $1,000;

d. award class members maximum statutory damages; and

e. award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k.

**Count III – The Attention Requested Envelope Violates § 1692e(2)(A) of the Act**

100. Plaintiff CLAUDIO GUILIANO realleges the above paragraphs as though fully set forth herein.

101. The Attention Requested Envelope was mailed to hundreds of consumers within this District who owed a debt to MCM or one of MCM's affiliates.

102. Section 1692e(2)(A) prohibits "[t]he false representation of - the character, amount, or legal status of any debt."

18

103.  By formatting the Attention Requested Envelope to denote that an "IMPORTANT" letter was enclosed and that the letter requested the recipient's "ATTENTION", MCM created a false sense of urgency depicting the "character" and/or "legal status" of the Subject Debt and the underlying debts of putative class members.

104.  Plaintiff read and understood the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED" to mean that there was a time sensitive document contained within the envelope.

105.  Plaintiff immediately opened the Attention Requested Envelope because it contained the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED".

106.  MCM's use of the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED" can and did create a false sense of urgency for both unsophisticated and least sophisticated consumers.

107.  The Attention Requested Envelope's use of the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED" violates Section 1692e(2)(A) because printing the Envelope in this manner falsely represented that the "character" or "legal status" of the contents of the Envelope was time-sensitive and/or demanded immediate "attention".

108.  Because MCM has a practice of routinely reissuing date sensitive "pre-approved" settlement offers to consumers, the Attention Requested Envelope's use of the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED" violates Section 1692e(A)(2) by creating a *false sense of urgency* to other similarly situated consumers.

109. The above wording, formatting and short offer expiration dates listed on the Pre-Approved Offer Letter were material in nature and they all impacted Plaintiff's perception of the Letter.

110. The above wording and formatting created a false sense of urgency in Plaintiff's mind relative to the proposed discounted payment options.

111. The proposed Section 1692e(2)(A) class is defined as follows:

> All persons with mailing addresses within this District who were mailed collection letters where the envelopes containing the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED" where the underlying debts were originally owed to Synchrony Bank in the form of a "Sam S Club" branded credit card.

**WHEREFORE**, Plaintiff CLAUDIO GUILIANO respectfully requests that this Honorable Court:

  a. declare that the Attention Requested Envelope violates the FDCPA;

  b. enjoin Defendant MCM from using the Attention Requested Envelope in conjunction with any future collection letters;

  c. award Plaintiff statutory damages of up to $1,000;

  d. award class members maximum statutory damages; and

  e. award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k.

**Count IV – The Attention Requested Envelope Violates § 1692e(10) of the FDCPA**

112. Plaintiff CLAUDIO GUILIANO realleges the above paragraphs as though fully set forth herein.

113. Section 1692e(10) specifically prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

114. By formatting the Attention Requested Envelope to denote that an "IMPORTANT" letter was enclosed and that the letter requested the recipient's

"ATTENTION", MCM created a false sense of urgency in violation of Section 1692e(10) of the FDCPA.

115.   Plaintiff read and understood the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED" to mean that there was a time sensitive document contained within the envelope.

116.   Plaintiff immediately opened the Attention Requested Envelope because it contained the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED".

117.   MCM's use of the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED" can and did create a false sense of urgency for both unsophisticated and least sophisticated consumers.

118.   MCM's use of the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED" violated Section 1692e(10) of the FDCPA because the quoted words constitute the use of false representations and deceptive means to attempt to collect the Subject Debt and the underlying debts of putative class members.

119.   Because MCM has a practice of routinely reissuing date sensitive "pre-approved" settlement offers to consumers, the Attention Requested Envelope's use of the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED" violates Section 1692e(10) by creating a *false sense of urgency* to other similarly situated consumers.

120.   The above wording, formatting and short offer expiration dates listed on the Pre-Approved Offer Letter were material in nature and they all impacted Plaintiff's perception of the Letter.

121.   The above wording and formatting created a false sense of urgency in Plaintiff's mind relative to the proposed discounted payment options.

21

122.    The proposed Section 1692e(10) class is defined as follows:

> All persons with mailing addresses within this District who were mailed collection letters where the envelopes containing the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED" where the underlying debts were originally owed to Synchrony Bank in the form of a "Sam S lub" branded credit card.

**WHEREFORE**, Plaintiff CLAUDIO GUILIANO respectfully requests that this Honorable Court:

a.    declare that the Attention Requested Envelope violates the FDCPA;

b.    enjoin Defendant MCM from using the Attention Requested Envelope in conjunction with any future collection letters;

c.    award Plaintiff statutory damages of $1,000;

d.    award class members maximum statutory damages; and

e.    award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k.

**Count V – The April 17, 2019 Letter Violates Section1692e of the FDCPA**

123.    Plaintiff CLAUDIO GUILIANO realleges the above paragraphs as though fully set forth herein.

124.    Section 1692e of the FDCPA prohibits a debt collector using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

125.    As explained by Judge Rovner's concurring opinion in *Preston v. Midland Credit*, the April 17, 2019 Letter's use of the phrase "[w]e are not obligated to renew any offers provided" constitutes a false, deceptive and/or misleading representation or means in the connection of the collection of a consumer debt in violation of Section 1692e of the FDCPA.

126.    The proposed Letter based 1692e class is defined as follows:

> All persons with mailing addresses within this District who were mailed collection letters where the letters did not contain the phrase "[w]e are not obligated to renew any offers provided" where the

22

underlying debts were originally owed to Synchrony Bank in the form of a "Sam S Club" branded credit card.

**WHEREFORE**, Plaintiff CLAUDIO GUILIANO respectfully requests that this Honorable Court:

a. declare that MCM violated Section 1692e the FDCPA by failing to include the phrase "we are not obligated to renew any offers provided";

b. require MCM to prominently use the phrase "we may, but are not obligated to, renew this offer" in any future collection letters that provided discounted payment options;

c. award Plaintiff statutory damages of $1,000;

d. award class members maximum statutory damages; and

e. award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k.

## Count VI – The April 17, 2019 Letter Violates § 1692e(2)(A) of the FDCPA

127. Plaintiff CLAUDIO GUILIANO incorporates realleges the above paragraphs as though fully set forth herein.

128. Section 1692e(2)(A) prohibits "[t]he false representation of - the character, amount, or legal status of any debt."

129. As explained by Judge Rovner's concurring opinion in *Preston v. Midland Credit*, the April 17, 2019 Letter's use of the phrase "[w]e are not obligated to renew any offers provided" - as opposed to – "[w]e *may, but* are not obligated to, renew this offer", violates Section 1692e(2)(A) of the FDCPA.

130. The proposed Letter based Section 1692e(2)(A) class is defined as follows:

All persons with mailing addresses within this District who were mailed collection letters where the letters did not contain the phrase "[w]e are not obligated to renew any offers provided" where the underlying debts were originally owed to Synchrony Bank in the form of a "Sam S Club" branded credit card.

**WHEREFORE**, Plaintiff CLAUDIO GUILIANO respectfully requests that this Honorable Court:

    a.  declare that MCM violated Section 1692e(2)(A) the FDCPA by failing to include the phrase "we are not obligated to renew any offers provided";

    b.  require MCM to prominently use the phrase "we may, but are not obligated to, renew this offer" in any future collection letters that provided discounted payment options;

    c.  award Plaintiff statutory damages of $1,000;

    d.  award class members maximum statutory damages; and

    e.  award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k.

**Count VII – The April 17, 2019 Letter Violates § 1692e(10)(A) of the FDCPA**

131.    Plaintiff CLAUDIO GUILIANO incorporates realleges the above paragraphs as though fully set forth herein.

132.    Section 1692e(10) specifically prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

133.    As explained by Judge Rovner's concurring opinion in *Preston v. Midland Credit*, the April 17, 2019 Letter's use of the phrase "[w]e are not obligated to renew any offers provided" - as opposed to – "[w]e *may, but* are not obligated to, renew this offer", violates Section 1692e(10) of the FDCPA.

134.    The proposed Letter based Section 1692e(10) class is defined as follows:

> All persons with mailing addresses within this District who were mailed collection letters where the letters did not contain the phrase "[w]e are not obligated to renew any offers provided" where the underlying debts were originally owed to Synchrony Bank in the form of a "Sam S Club" branded credit card.

**WHEREFORE**, Plaintiff CLAUDIO GUILIANO respectfully requests that this Honorable Court:

    a.  declare that MCM violated Section 1692e(10) of the FDCPA by failing to include the phrase "we are not obligated to renew any offers provided";

b. require MCM to prominently use the phrase "we may, but are not obligated to, renew this offer" in any future collection letters that provided discounted payment options;

c. award Plaintiff statutory damages of $1,000;

d. award class members maximum statutory damages; and

e. award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k.

## Count VIII – The April 17, 2019 Letter Violates § 1692f of the FDCPA

135. Plaintiff CLAUDIO GUILIANO incorporates realleges the above paragraphs as though fully set forth herein.

136. Section 1692f of the FDCPA prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

137. As explained by Judge Rovner's concurring opinion in *Preston v. Midland Credit*, the April 17, 2019 Letter's use of the phrase "[w]e are not obligated to renew any offers provided" - as opposed to – "[w]e *may, but* are not obligated to, renew this offer", violates Section 1692f of the FDCPA.

138. The proposed class is defined as follows:

All persons with mailing addresses within this District who were mailed collection letters where the letters did not contain the phrase "[w]e are not obligated to renew any offers provided" where the underlying debts were originally owed to Synchrony Bank in the form of a "Sam S Club" branded credit card.

**WHEREFORE**, Plaintiff CLAUDIO GUILIANO respectfully requests that this Honorable Court:

a. declare that MCM violated Section 1692f of the FDCPA by failing to include the phrase "we are not obligated to renew any offers provided";

b. require MCM to prominently use the phrase "we may, but are not obligated to, renew this offer" in any future collection letters that provided discounted payment options;

c. award Plaintiff statutory damages of $1,000;

d. award class members maximum statutory damages; and

e. award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k.

**Plaintiff demands a jury trial as to all applicable Counts**

Plaintiff CLAUDIO GUILIANO individually
and on behalf of all others similarly situated,

/s/ James C. Vlahakis                                          Dated: 2/6/2020
SULAIMAN LAW GROUP, LTD.
2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148
(630) 581-5456
jvlahakis@sulaimanlaw.com

26